UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Amy Richardson, as Representative of the Estate of Jordan Richardson, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Jerry King and the Village of Rantoul, Illinois, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Amy Richardson, as Representative of the Estate of Jordan Richardson, through her attorneys Hale & Monico, complains of Defendants Jerry King and the Village of Rantoul, Illinois and states as follows:

## PARTIES

1. Plaintiff Amy Richardson is a resident of Champaign County, Illinois. Plaintiff is the mother of Jordan Richardson.[1]

2. Jordan Richardson was a resident of Champaign County, Illinois until he was killed by Defendant Jerry King on or about June 7, 2023.

3. Defendant Jerry King was, during the relevant time, a law enforcement officer employed by Defendant Village of Rantoul. Defendant King acted within the scope of his employment and under color of law during the relevant time.

---

[1] As of the date of the filing of this Complaint, there is a pending probate matter in which Plaintiff Amy Richardson is seeking letters of administration for the Estate of Jordan Richardson.

1

4. Defendant Village of Rantoul is a municipal corporation organized and doing business within the State of Illinois. Defendant Village of Rantoul is located in Champaign County, Illinois. During the relevant time, Defendant Village of Rantoul employed Defendant King as a law enforcement officer.

## JURISDICTION AND VENUE

5. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

6. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

7. Venue is proper in the United States District Court for the Central District of Illinois, Urbana division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district and Defendant Village of Rantoul is located within this district.

## FACTUAL ALLEGATIONS

8. On June 7, 2023, Jordan Richardson was a passenger in a vehicle driven by Jheremia McKown.

9. Rantoul police officer Wissel approached the vehicle driven by McKown and unholstered his taser.

10. Officer Wissel then struggled with McKown and used unreasonable force in doing so.

11. As Officer Wissel was using force against McKown, Jordan Richardson exited the vehicle and fled.

12. Jordan Richardson had a firearm on his person as he fled.

13. At no time did Jordan Richardson point his firearm in the direction of Officer Wissel.

14. Defendant King was on patrol in his vehicle when he observed Jordan Richardson running.

15. Jordan Richardson stumbled and dropped the firearm but picked it up and continued running.

16. Defendant King yelled at Jordan to drop the gun as Defendant King pointed his firearm at Richardson.

17. Jordan Richardson fell a second time, approximately 50 feet from Defendant King.

18. Jordan Richardson complied with Defendant King's order and tossed the firearm away from him.

19. At no time did Jordan Richardson point his firearm in the direction of Defendant King.

20. At no time did Jordan Richardson make any movement indicating he was going to point the firearm in the direction of Defendant King.

21. At no time did Jordan Richardson perform any action that indicated he was a threat to Defendant King or others.

22. Defendant King shot Jordan Richardson once in the chest.

23. At the time Defendant King shot Jordan Richardson, Jordan was unarmed and not an imminent threat to anyone.

24. Jordan Richardson was transported for medical care but subsequently died as a result of the injured caused by Defendant King.

## CLAIMS

### Count I – Plaintiff against Defendant King
### 42 U.S.C. § 1983
### Fourth Amendment Claim of Excessive Force

25. Plaintiff incorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Defendant King used deadly force against Jordan Richardson when he discharged his firearm and shot Jordan.

27. At the time of the use of deadly force by Defendant King, Jordan Richardson did not pose an imminent threat of death or great bodily harm to Defendant King or others.

28. Based on the totality of the circumstances, the use of deadly force by Defendant King was unreasonable.

29. As such, the use of deadly force by Defendant King against Jordan Richardson violated Jordan's rights under the Fourth Amendment.

30. As a result of the violation of his Fourth Amendment rights, Jordan Richardson suffered injuries, including pain and suffering and his subsequent death.

Plaintiff Amy Richardson, as the Special Representative for the Estate of Jordan Richardson, prays for judgment in her favor and against Defendant King on this Count and for an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

### Count II – Plaintiff against Defendant Village of Rantoul
### Illinois law
### Wrongful Death

31. Plaintiff incorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

32. During the relevant time, Defendant King was employed by the Defendant Village of Rantoul as a law enforcement officer.

33. On June 7, 2023, Defendant Village of Rantoul, acting by and through its duly authorized agents and employees, had a duty to refrain from willful and wanton conduct.

34. On June 7, 2023, Defendant Village of Rantoul was willful and wanton in one or more of the following ways:

    a. Intentionally shot Jordan Richardson without lawful justification;
    b. Recklessly shot Jordan Richardson without lawful justification;
    c. Discharged a weapon in such a manner as to shoot Jordan Richardson without lawful justification;
    d. Used excessive and unreasonable force;
    e. Failed to exercise the proper level of force that was warranted under the circumstances;
    f. Failed to properly respond to the situation, failed to properly de-escalate the situation, and failed to properly defuse the situation, all without resorting to deadly force;
    g. Shot Jordan Richardson when there was no reasonable belief that deadly force was necessary to prevent death or great bodily harm;
    h. Acted inconsistently with and/or violated applicable law enforcement standards as they relate to the use of deadly force;
    i. Was otherwise willful and wanton.

35. As a proximate result of one or more of the willful and wanton acts, Jordan Richardson was killed.

Plaintiff Amy Richardson, as Special Representative for the Estate of Jordan Richardson, prays for judgment in her favor and against Defendant Village of Rantoul on this count and for an award of compensatory damages, costs, and any other relief that is just.

### Count III – Plaintiff against Defendant Village of Rantoul
### Illinois law
### Survival Action

36. Plaintiff incorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

5

37. During the relevant time, Defendant King was employed by the Defendant Village of Rantoul as a law enforcement officer.

38. On June 7, 2023, Defendant Village of Rantoul, acting by and through its duly authorized agents and employees, had a duty to refrain from willful and wanton conduct.

39. On June 7, 2023, Defendant Village of Rantoul was willful and wanton in one or more of the following ways:

   j. Intentionally shot Jordan Richardson without lawful justification;
   k. Recklessly shot Jordan Richardson without lawful justification;
   l. Discharged a weapon in such a manner as to shoot Jordan Richardson without lawful justification;
   m. Used excessive and unreasonable force;
   n. Failed to exercise the proper level of force that was warranted under the circumstances;
   o. Failed to properly respond to the situation, failed to properly de-escalate the situation, and failed to properly defuse the situation, all without resorting to deadly force;
   p. Shot Jordan Richardson when there was no reasonable belief that deadly force was necessary to prevent death or great bodily harm;
   q. Acted inconsistently with and/or violated applicable law enforcement standards as they relate to the use of deadly force;
   r. Was otherwise willful and wanton.

40. Following being shot by Defendant King, Jordan Richardson survived a period of time prior to dying.

41. During this time, Jordan Richardson experienced conscious pain and suffering.

Plaintiff Amy Richardson, as Special Representative for the Estate of Jordan Richardson, prays for judgment in her favor and against Defendant Village of Rantoul on this count and for an award of compensatory damages, costs, and any other relief that is just.

### Count IV
### Illinois law
### Indemnification claim against Defendant Village of Rantoul

42. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

43. During the relevant time, Defendant King was employed by Defendant Village of Rantoul as a law enforcement officer and acted within the scope of his employment.

44. Pursuant to 745 ILCS 10/9-102, Defendant Village of Rantoul is required to indemnify any employee for any judgment for acts or omissions done within the scope of their employment.

Plaintiff Amy Richardson, as Special Representative for the Estate of Jordan Richardson, prays that Defendant Village of Rantoul be required to indemnify Defendant King for any award of compensatory damages, attorneys' fees, and costs awarded against Defendant King.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Shawn W. Barnett
Attorney No. 6312312
Counsel for Plaintiff

HALE & MONICO
53 W. Jackson, Suite 334
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
(312) 870-6905